UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandra Ann Williamson,

    Plaintiff,

    v.                                                                     Case No. 1:14cv731

Commissioner of Social Security                           Judge Michael R. Barrett

    Defendant.

**ORDER**

    This matter is before the Court upon the Magistrate Judge's January 20, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 17).

    Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 23).

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

    The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

### A. Fibromyalgia

Plaintiff argues that the absence of the trigger point test in Dr. Fixler's notes does not mean that fibromyalgia was improperly diagnosed. The Magistrate Judge found that Plaintiff had waived any argument pertaining to her diagnosis of fibromyalgia by failing to present any arguments related to the ALJ's findings in her Statement of Errors. The Court finds no error in the Magistrate Judge's conclusion. Therefore, Plaintiff's objections on this point are OVERRULED.

### B. Anxiety disorder

Plaintiff argues that the ALJ ignored Plaintiff's non-severe impairment of anxiety disorder at Step Two of the sequential evaluation. As one district court has succinctly explained:

> Because an ALJ must consider non-severe impairments in addition to severe impairments when determining whether a claimant can perform substantial gainful activity, courts have held that, so long as the claim for disability is not terminated at the Step Two stage, any potential error in classifying a claimant's impairments as severe or non-severe is generally not reversible. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error."). But for a Step Two error to be harmless—and therefore not subject to reversal—the ALJ must have actually considered the cumulative effect of all of the claimant's impairments, severe and not severe, in assessing the claimant's RFC. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir.2009); *Fisk v. Astrue*, 253 F. App'x 580, 583–584 (6th Cir. 2007); *Stephens v. Astrue*, No. 09–55–JBC, 2010 WL 1368891, at *2 (E.D.Ky. March 31, 2010).

*Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *5 (E.D. Mich. Feb. 27, 2015). The Magistrate Judge explained that in assessing Plaintiff's RFC, the

ALJ explicitly accounted for Plaintiff's anxiety disorder by limiting her social interactions and work pace. (Doc. 17, PAGEID #741). The Magistrate Judge also included a quote from the ALJ's opinion to demonstrate that the ALJ addressed all of Plaintiff's severe and non-severe impairments, including Plaintiff's anxiety disorder. (Id.) Therefore, the Court finds no error in the Magistrate Judge's conclusion. Therefore, Plaintiff's objections on this point are OVERRULED.

### C. Dr. Don Fixler, M.D. and Monica Saleh, CNP

Plaintiff argues that the ALJ did not give proper weight to the opinions of his treating physician, Dr. Fixler, and Monica Saleh, a certified nurse practitioner. The Magistrate Judge addressed this argument in great detail in her R&R. (Doc. 17, PAGEID # 741-750). Much of Plaintiff's objection is a repetition of the Magistrate Judge's analysis. Plaintiff does not seem to question this analysis other than note that the Magistrate Judge cited an unpublished opinion to conclude that Plaintiff waived an argument that the ALJ applied greater scrutiny to the opinion of Dr. Fixler than to the opinions of the non-examining state agency physician and consultants. (Doc. 19, PAGEID #765).[1] The Court finds no error on this point, or in the Magistrate Judge's analysis of whether the ALJ gave proper weight to the opinions Dr. Fixler and Monica Saleh, CNP. Therefore, Plaintiff's objections on this point are OVERRULED.

### D. Dr. Christopher Ward, Ph.D.

Plaintiff argues that the ALJ improperly gave "great weight" to the opinion of Dr.

---

[1] Plaintiff appears to raise a variation of this argument in her objections. Plaintiff argues that under *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013), the ALJ did not properly weight the opinion of Dr. Fixler. However, unlike *Gayheart*, which involved the "complete absence" of any mention of extensive treatment notes from a physician, the discussion of and citation to the evidence show that the ALJ considered Dr. Fixler's treatment notes.

Ward. Plaintiff points out that no psychological testing was done by Dr. Ward, and his clinical interview took place three months after Plaintiff's alleged onset date. Plaintiff also argues that there is no evidence that the accommodations the ALJ included in the RFC would resolve the symptoms described by Dr. Ward.

As to the weight given to Dr. Ward's opinion, the Court finds that the Magistrate Judge correctly determined that the ALJ properly weighed the medical opinion evidence in the record. The ALJ noted that Dr. Ward examined Plaintiff and diagnosed her with depression and generalized anxiety disorder. (Tr. 20). The ALJ noted Dr. Ward's findings and stated that the findings "are consistent with the claimant's mental health treatment history and the lack of serious mental health symptoms in the record." (Tr. 20).

Plaintiff's second argument—related to the accommodations in the RFC for Plaintiff's mental impairments—was addressed by the Magistrate Judge. The Magistrate Judge stated that Plaintiff had not explained how the RFC restrictions imposed by the ALJ fail to sufficiently account for the opinion of Dr. Ward. (Doc. 17, PAGEID# 752). In her objections, Plaintiff clarifies that she does not claim that the ALJ erred in his purported accommodations, but instead Plaintiff is arguing that there is no evidence that the accommodations would resolve the issues. However, the Court notes that Dr. Ward was the source of the accommodations. (Tr. 531). Therefore, the Court finds that the RFC is based on substantial evidence and Plaintiff's objections on this point are OVERRULED.

### E. State agency physicians and psychologists

Plaintiff argues that the ALJ failed to adequately explain why the opinions of the non-examining state agency physicians and psychologists are entitled to great weight.

4

Plaintiff explains that the ALJ's explanations are conclusory. However, the Magistrate Judge found that the ALJ's opinion is sufficiently specific to allow this Court to perform its judicial review function. The Court finds no error in the Magistrate Judge's conclusion. Therefore, Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 20, 2016 R&R. (Doc. 17). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court